# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| DENNIS W. THOMAS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:09-cv-01516-TWP-MJD |
| ) | |
| OFFICER GREGORY P. BRINKER, in ) | |
| his individual capacity, OFFICER MARK ) | |
| RAND, in his individual capacity, ) | |
| OFFICER ELSIE S. TORRES, in her ) | |
| individual capacity, and the CITY OF ) | |
| INDIANAPOLIS, ) | |
| ) | |
| Defendants. ) | |

## ENTRY ON MOTION TO DISMISS

This matter comes before the Court on Defendants' Partial Motion to Dismiss [Dkt. 31]. Defendants, Officer Gregory P. Brinker ("Brinker"), Officer Mark Rand ("Rand"), and Officer Elsie S. Torres ("Torres"), seek dismissal of Plaintiff Dennis Thomas' ("Thomas") Amended Complaint for Damages [Dkt. 23] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. For the reasons set forth below, Defendants' motion is **GRANTED** in part and **DENIED** in part.

### I. FACTUAL BACKGROUND

The facts of this case are somewhat in dispute; however, in ruling on a Rule 12(b)(6) motion to dismiss, a plaintiff's well pleaded factual allegations are treated as true, and the Court must construe all inferences that are reasonably drawn from those facts in the light most favorable to the non-moving party. *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003). On May 1, 2009, Thomas was a passenger in a vehicle that Brinker pulled over for a traffic stop

1

at approximately 10:50 a.m. in the area of 34th and Radar Streets in Indianapolis, Indiana. Brinker approached the vehicle and asked all of the occupants to produce identification. After the occupants of the vehicle complied with his request, Brinker returned to his police vehicle and called for back-up.

While Brinker was in his police vehicle, Thomas got out of and stood by the stopped vehicle. Brinker then exited his police vehicle and walked toward Thomas with his gun drawn, ordering him to get back into the vehicle. Thomas verbally protested about having to produce his identification, and Brinker responded by ordering Thomas to get back into the vehicle. Brinker then allegedly used his drawn firearm to strike Thomas along the left side of his face. Thomas then fled the scene. Brinker and Rand, one of the two back up officers responding to Brinker's request, pursued Thomas on foot along with a K-9.

The officers chased Thomas into a vacant house located at 1054 East 35th Street. Upon entering the house, Thomas claims that he surrendered by raising his arms in the air, and that Rand then ordered the K-9 to attack him. Thomas alleges that Rand and Brinker watched the attack and did nothing to intervene, and then proceeded to beat him about his face and body. Thomas also claims that Torres, the second back-up officer, was in close proximity immediately outside of the house and also did nothing to intervene. Thomas sustained injuries to his face, left hand and left leg and was taken to the hospital where he remained until May 27, 2009.

Following his arrest, Thomas was charged with two counts of resisting law enforcement, the first for fleeing from Brinker (Count 1) and the second for allegedly resisting, obstructing or interfering with Rand (Count 2). On September 23, 2009, Thomas pled guilty to Count 1 (fleeing only) and the State dismissed Count 2, which involved his interaction with the officers in the vacant house and the use of the K-9. Thomas brought a Section 1983 and Section 1988 claim

against Brinker, Rand and Torres in their individual capacities, as well as the City of Indianapolis[1] for excessive force, assault and battery, and for punitive damages.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the plaintiff's complaint, not the merits of the case. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). For purposes of a motion to dismiss, the court takes all of the factual allegations in the complaint as true. *Id.* The court must construe the complaint in the light most favorable to the plaintiff, "accepting as true all well-pleaded facts alleged, and drawing all possible inferences in [plaintiff's] favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). A complaint that states a plausible claim for relief will survive a motion to dismiss, and the reviewing court may draw upon its judicial experience and common sense to make this determination. *Id.* at 1950. Allegations need only to state a possible claim, not necessarily a winning claim. *See Herdrich v. Pegram*, 154 F.3d 362, 369 (7th Cir. 1998), *rev'd on other grounds*, 530 U.S. 211 (2000). Dismissal is appropriate only if it appears with certainty that the plaintiff cannot establish any set of facts that would entitle him to the relief sought. *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984).

## III. DISCUSSION

Defendants offer several bases upon which they believe Thomas' amended complaint should be dismissed. Defendants assert that Thomas' lawsuit is barred by *Heck v. Humphrey*, 512 U.S. 447 (1994) as a collateral attack on his conviction for resisting law enforcement. Defendants also claim that as law enforcement officers they are immune from liability under Indiana's Tort Claims Act ("ITCA") because they were acting within the scope of their

---

[1] The City of Indianapolis has filed its Answer and Affirmative Defenses and does not assert arguments as part of the individual Defendants' Motion to Dismiss.

employment and under the law enforcement immunity provision of the ITCA. *See* Ind. Code. § 34-13-3-1 *et seq*. Defendants also argue that Thomas' amended complaint should be dismissed on the basis of qualified immunity.

**A. Thomas' Claim is not Barred by *Heck***

Before a Section 1983 plaintiff may recover damages for an alleged harm "caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must first prove that his conviction or sentence has been reversed, expunged, or called into question by the grant of a petition for habeas corpus. *Heck*, 512 U.S. at 486-87. "The rule in *Heck v. Humphrey* is intended to prevent collateral attack on a criminal conviction through the vehicle of a civil suit." *McCann v. Neilsen*, 466 F.2d 619, 621 (7th Cir. 2006). *Heck* bars a plaintiff from maintaining a Section 1983 action where a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction. *Id.*; *see also VanGilder v. Baker*, 435 F.3d 689, 691 (7th Cir. 2006).

In applying *Heck*, the court must look at the relationship between the plaintiff's Section 1983 claim and the charge upon which he was convicted. *VanGilder*, 435 F.3d at 691. The court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his actual conviction or sentence, not merely pose a challenge to a potential conviction or charges brought against the plaintiff. *Id.* at 691-692. There must be a "clear nexus" between the plaintiff's conviction and the alleged wrongful government act before the *Heck* bar applies to a plaintiff's Section 1983 claim. *Id.* at 692. "Only a claim that 'necessarily' implies the invalidity of a conviction… comes within the scope of *Heck*." *Gilbert v. Cook*, 512 F.3d 899, 902 (7th Cir. 2008) (citing *Nelson v. Campbell*, 541 U.S. 673, 647 (2004)). There are three ways by which a claim may be barred by *Heck*: (1) the lawsuit necessarily implies the invalidity of the plaintiff's

4

conviction, (2) facts alleged in the complaint are inconsistent with the plaintiff's conviction, or (3) complaint implies legal justification for the criminal act upon which the plaintiff was convicted.

A Section 1983 claim for excessive force where the underlying conviction is for resisting law enforcement does not automatically lead to the conclusion that the plaintiff's claim is *Heck* barred. A plaintiff may allege that the force used upon him was excessive in relation to his level of resistance without challenging his conviction for resisting law enforcement. The Seventh Circuit in *VanGilder* determined that the plaintiff's Section 1983 excessive force claim was not *Heck* barred and held that plaintiff's lawsuit did not necessarily imply the invalidity of his conviction. *VanGilder*, 435 F.3d at 692. Plaintiff VanGilder was convicted of resisting law enforcement after an incident where he was taken to a hospital and refused to be subjected to a blood test to test his blood alcohol level. He became belligerent and the officer responded by punching VanGilder repeatedly in the face. During the course of the beating VanGilder told the officer to stop and go ahead and take the blood sample. The court noted that VanGilder did not collaterally attack his conviction, deny that he resisted the police officer, or challenge the factual basis presented at his plea hearing. Rather, VanGilder alleged that he suffered injuries because the officer's response to his resistance was not objectively reasonable. The court noted

> [w]ere we to uphold the application of *Heck* in this case, it would imply that once a person resists law enforcement, he has invited the police to inflict any reaction or retribution they choose, while forfeiting the right to sue for damages. Put another way, police subduing a suspect could use as much force as they wanted – and be shielded from accountability under civil law – as long as the prosecutor could get the plaintiff convicted on a charge of resisting. This would open the door to undesirable behavior and gut a large share of the protections provided by § 1983.

*Id.*

Another way by which a plaintiff's claim may be *Heck* barred is where the specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction, even if the plaintiff disclaims any intention of challenging his conviction. *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003). In *Okoro* the Seventh Circuit determined that the plaintiff's claim was barred by *Heck* because the allegations in his complaint were inconsistent with his conviction. *Id.* at 490. Plaintiff was convicted of possession of heroin, and later brought a lawsuit alleging that the arresting officers stole cash and gems during his arrest. In his complaint, however, Okoro insisted that there were never any drugs in his possession and that he had been framed by the police, a factual allegation that was in direct conflict with his conviction for heroin possession. The Seventh Circuit noted that Okoro could have worded his pleading so as to not make any mention of the drugs and simply focus on the alleged theft of the gems, or alleged that the officers took both the drugs and the gems. However, because he challenged the validity of his guilty verdict by denying that there were any drugs present, an essential fact upon which he was convicted, the court determined that *Heck* barred his lawsuit. *Id.*

A third way a plaintiff's Section 1983 claim may be *Heck* barred is where he implies a defense of justification in his complaint. In *Malden v. City of Waukegan, Ill.*, 2009 WL 2905594 (N.D. Ill. Sept. 10, 2009), the district court determined that plaintiff's claims were barred by *Heck* when he denied essential elements of the crime for which he was convicted and alleged that he had a justification for his actions. *Malden*, 2009 WL 2905594 at *11. Malden was convicted of aggravated vehicular hijacking arising out of an incident where he drove off in a police officer's vehicle after being shot by the officer. In Malden's amended complaint, he alleged that he never provoked the officer or threatened to strike him, that never at any time did he have a dangerous weapon, and that he took the vehicle only to save his life. Malden's guilty plea

6

necessarily admitted that he was armed with a dangerous weapon with which he threatened to use in order to take the vehicle but the facts alleged in his complaint were directly at odds with the elements of his criminal conviction. In addition, the court pointed to the fact that "necessity" is an absolute defense to a charge of criminal conduct under Illinois law, so by alleging that he only took the police vehicle to save his life, he implied a defense of justification. The court determined that Malden's complaint was "flatly inconsistent" with his criminal conviction and thus was *Heck* barred. *Id.* at *10.

In the present case, after analyzing the relationship between Thomas' Section 1983 claim and the charge of fleeing law enforcement upon which he was convicted, the Court concludes that Thomas' claim and theory underlying his claim do not necessarily imply the invalidity of his criminal conviction. First the Court must look at the specific charge upon which Thomas was convicted. Defendants in their briefs generally refer to Thomas' conviction as "resisting law enforcement"; however, Thomas was actually charged with two counts of resisting law enforcement. The first count of resisting law enforcement was for fleeing a police officer arising from his initial interaction with Brinker, and the second count of resisting law enforcement was for "resisting, obstructing or interfering" with a police officer arising from his interaction with Rand, Brinker and the K-9. Thomas pled guilty to the fleeing charge and the State dismissed the resisting, obstructing and interfering charge. Thomas' amended complaint essentially addresses two separate occurrences for the basis of his claims: the strike by Brinker with the firearm and the mauling by the K-9 and subsequent beating by Rand and Brinker. The court, however, must focus on Thomas' act of fleeing after Brinker allegedly struck him with the firearm, because this was the charge upon which he was convicted.

There are primarily two paragraphs in Thomas' amended complaint that may be considered problematic from a *Heck* analysis standpoint. Paragraph 12 states "[a]fter Brinker pistol-whipped Mr. Thomas without justification and provocation, Mr. Thomas fled the scene to avoid further unprovoked injury from Brinker." [Dkt. 23 at 3]. He then goes on in paragraph 20 to state "[a]t no time did Mr. Thomas pose a threat, resist or injure any of the Officer Defendants involved in his arrest." [Dkt. 23 at 4]. However, nowhere in Thomas' amended complaint does he deny that he fled from Officer Brinker. The issue lies in whether the assertions in paragraphs 12 and 20 are more akin to *VanGilder* and thus not *Heck* barred, or more in line with *Okoro* and *Malden*, and whether Thomas' factual allegations "necessarily imply" the invalidity of his conviction for fleeing from a law enforcement officer.

Thomas' amended complaint could certainly be read and interpreted as implying that he had a justification for fleeing Brinker or that he never did anything to constitute resisting law enforcement, including fleeing, more in line with the *Heck* barred complaints in *Malden* and *Okoro*. In Indiana, a citizen has a right to reasonably resist an officer that has used unconstitutionally excessive force in carrying out an arrest. *See Shoultz v. Indiana*, 735 N.E.2d 818, 823-24 (Ind. Ct. App. 2000). Thus, there is some basis for arguing that paragraph 12 of Thomas' amended complaint offers justification for the crime for which he was convicted in contravention of *Heck*. However, paragraph 12 could also be interpreted as merely emphasizing that he did nothing to provoke the alleged pistol whipping, thus emphasizing its unreasonableness. Thomas never alleges that he did not flee, or that he fled in order to save his life as the plaintiff did in *Malden*, or for some other reason that rises to the level of legal justification for the crime for which he was convicted. In addition, in reading Thomas' amended complaint as a whole, he does not just focus on the incident that occurred prior to his fleeing

8

Brinker, but primarily focuses on the incident involving the K-9 and the injuries sustained in that encounter. Thomas' allegation that he did nothing to resist arrest can be viewed in light of the primary incident from which he claims he sustained the majority of his injuries, an incident that did not result in a conviction for resisting law enforcement. There is no "clear nexus" between Thomas' Section 1983 claim and Defendants' alleged wrongful acts that would give rise to dismissal under *Heck*. "The question for us…is not whether [plaintiff] *could have* drafted a better complaint that steers clear of *Heck* (he could have), but whether he did." *McCann*, 466 F.3d at 622 (emphasis in original). In ruling on a motion to dismiss for failure to state a claim, if a plaintiff's complaint could be construed both consistently and inconsistently with his conviction, the court must choose the construction that is most favorable to the plaintiff and his complaint will not be barred by *Heck*. *Id.* at 623.

Thomas' amended complaint could certainly be drafted in a manner that more clearly avoids *Heck* territory. There are two equally plausible interpretations of Thomas' amended complaint, one that would bar his claim and one that would not. However, mere inartful drafting of Thomas' amended complaint is not enough to provide a basis for dismissing his claim, and at this stage the court must view the complaint in the light most favorable to Thomas and the ambiguity must be construed in his favor. Therefore, the Court finds that his claim is not barred by *Heck*.

### B. Indiana Torts Claim Act Immunity

Defendants allege that the state law claims of assault and battery should be dismissed because the officers are immune under the Indiana Torts Claim Act ("ITCA"). Ind. Code § 34-13-3-1 *et seq*. There are two provisions of the ITCA under which the Defendants could have possible immunity—personal immunity and law enforcement immunity.

9

1. Personal Immunity

The ITCA provides: "A lawsuit alleging that [a governmental] employee acted within the scope of the employee's employment bars an action by the claimant against an employee personally." Ind. Code §34-13-3-5(b). The ITCA goes on further to provide that "[a] lawsuit filed against an employee personally must allege that an act or omission of the employee that causes a loss is (1) criminal; (2) clearly outside the scope of the employee's employment; (3) malicious; (4) willful and wanton; *or* (5) calculated to benefit the employee personally." Ind. Code §34-13-3-5(c) (emphasis added). The complaint must also contain a reasonable factual basis supporting the allegations. *Id.* Thus, the question for the Court is whether it can be conclusively determined from Thomas' amended complaint that the Defendants were acting within the scope of their employment as to give rise to personal immunity under the ITCA.

Thomas' amended complaint identifies the Defendants as officers of the Indianapolis Metropolitan Police Department, but does not specifically allege in his complaint that the defendants were acting within the scope of their employment at the time his injuries occurred. Thomas does specifically allege, however, that the Defendants' actions were "willful and malicious." [Dkt. 23 at 6]. The ITCA does not require that a plaintiff allege that a defendant was acting "clearly outside the scope of employee's employment" *and* that the conduct was willful and/or malicious; rather it is sufficient that a plaintiff alleges one of the five factors in his complaint in order to take the action outside of the purview of ITCA immunity. The allegations of malicious and willful conduct are sufficient to raise a question of fact as to whether the officers' acts were within the scope of their employment such that dismissal of the complaint on a Rule 12(b)(6) motion is inappropriate. *See Burton v. Lacy*, 2008 WL 187552 at *3 (S.D. Ind. Jan. 18, 2008) (noting that allegations of willful, wanton and malicious behavior in a complaint

present a plausible argument that defendant's conduct was outside the scope of his employment). Therefore, it cannot be concluded that Defendants' conduct is subject to personal immunity under the ITCA.

   2. Law Enforcement Immunity

The ITCA provides immunity for government entities and employees for acts constituting law enforcement. The ITCA provides: "A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from…[t]he adoption and enforcement or failure to adopt or enforce a law…unless the act of enforcement constitutes false arrest or false imprisonment." Ind. Code § 34-13-3-3(8). In addition, Indiana courts have determined that the use of excessive force is also included as conduct that is not immunized under the ITCA.[2] *Kemezy v. Peters*, 622 N.E.2d 1296, 1297 (Ind. 1993); *McConnell v. McKillip*, 573 F. Supp. 2d 1090, 1104 (S.D. Ind. 2008). The Indiana Court of Appeals has stated that officers have a statutory duty to use reasonable force in arresting persons under Indiana Code § 35-41-3-3, and therefore are not immune under the ITCA from a claim that such force was unreasonable. *N.J. ex. Rel. Jackson v. Metro. School Dist. Of Wash. Twp.*, 879 N.E.2d 1192, 1197 (Ind. Ct. App. 2008). If a police officer uses unnecessary or excessive force in violation of Indiana Code § 35-41-3-3, the officer may commit the state law torts of assault and battery. *Fidler*, 428 F. Supp. 2d at 866. Thus, even where an employee is acting within the scope of his or her employment, a plaintiff may still bring state law claims of false arrest, false imprisonment, or excessive force. *McConnell*, 573 F. Supp. 2d at 1104.

---

[2] Indiana courts have called into question the public/private duty test in *Quackenbush v. Lackey*, 622 N.E.2d 1284, 1291 (Ind. 1993) that was applied in the *Kemezy* opinion. While *Kemezy* cannot be regarded as good law to the extent that it is based upon the test articulated in *Quackenbush*, the result in *Kemezy* has not been changed. *See Fidler,* 428 F. Supp. 2d at 867; *O'Bannon v. City of Anderson*, 733 N.E.2d 1, 2-3 (Ind. Ct. App. 2000).

Thomas' amended complaint alleges both excessive force and a related count for assault and battery. The determination as to what actions constitute reasonable or unreasonable force is a fact sensitive inquiry. At this stage of the proceedings it is not necessary for Thomas to prove that the Defendants acted unreasonably, only that his amended complaint sufficiently alleges that such act may have occurred. Even if the court were to assume that the Defendants were acting within the scope of their employment they still would not be shielded by the law enforcement immunity provision under the set of facts alleged in Thomas' amended complaint. The court need not delve into the analysis as to whether Defendants' conduct was reasonable or unreasonable at this stage in the proceedings. The allegations of excessive force in Thomas' amended complaint are sufficient such that his lawsuit is not barred by the law enforcement immunity provision of the ITCA.

C. **Qualified Immunity**

Qualified immunity is a doctrine that protects government officials from liability for civil damages. *McAllister v. Price*, 615 F.3d 877, 881 (7th Cir. 2010). Generally, qualified immunity is a fact sensitive inquiry and is only an appropriate grounds for dismissal on a Rule 12(b)(6) motion where it can be determined as a matter of law that the officers are entitled to qualified immunity. *Jacobs v. City of Chicago*, 215 F.3d 758, 765 (7th Cir. 2000). "A government official is not entitled to qualified immunity where the facts plaintiff allege (1) reveal a constitutional violation (2) according to 'clearly established' law at the time, meaning a reasonable officer facing the same circumstances the defendant faced would recognize that his actions would violate the Constitution." *Fidler,* 428 F. Supp. 2d at 864; *see also Saucier v. Katz*, 533 U.S. 194, 201-202 (2001); *Anderson v. Creighton*, 483 U.S. 635, 639-640 (1987). A violation of a plaintiff's rights is "clearly established" where the violation is so obvious that a reasonable

officer would know the conduct violated the Constitution, or a closely analogous case establishes the conduct to be unconstitutional. *Siebert v. Severino*, 256 F.3d 648, 654-55 (7th Cir. 2001). The Court must determine whether Thomas's amended complaint, taken in light most favorable to him, alleges a deprivation of a constitutional right and whether that right was clearly established at the time of his injury. The Court need not analyze and determine whether a deprivation of rights actually occurred, but rather whether Thomas has set forth sufficient facts in his amended complaint for his claim to go forward.

Thomas alleges that the Defendants used excessive force against him, a claim that is analyzed under the Fourth Amendment's reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 396 (1989). The fact finder must consider the severity of the crime at issue, whether the suspect posed an immediate threat and whether the suspect was actively resisting or attempting to evade arrest. *Id*. Thomas alleges in his amended complaint that the defendant officers used force against him in situations where he did not provoke or resist the officers, or failed to intervene to prevent excessive force from being used. He claims that he was pistol-whipped by Brinker for merely standing outside of the vehicle, that he was mauled by the K-9 at a point after he had already peacefully surrendered, and that another officer failed to intervene in the alleged constitutional violations. "Courts have generally found an issue of fact as to the reasonableness of an officer's conduct…where force causing serious injury was employed after suspect was subdued or had otherwise submitted to the officer's authority and was not attempting to flee or resist arrest." *Fidler,* 428 F. Supp. 2d at 863-864 (compiling cases). In addition, where an officer is present and fails to intervene to prevent other officers from infringing the constitutional rights of citizens, and has a realistic opportunity to intervene, she may also be liable under Section 1983. *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). Assuming that the allegations in

Thomas' amended complaint are true and that he had fully surrendered at the time the K-9 attacked him, and that he did nothing to provoke Brinker to strike him outside of the vehicle, it cannot be said that a reasonable officer would not have seen this action as excessive. Thomas has sufficiently alleged a violation of his Fourth Amendment rights in his amended complaint. Furthermore, analogous case law has demonstrated that, if the facts occurred as Thomas alleges in his complaint, he will be able to set forth an argument that the Defendants' actions constituted unreasonable force in violation of the Fourth Amendment. Because it cannot be said as a matter of law that Defendants committed no constitutional violations or that these violations were not clearly established at the time of the incident, Thomas' amended complaint will not be dismissed on the basis of qualified immunity.

### D. Indiana Constitutional Claims

In addition to state law claims and federal Section 1983 and Section 1988 claims, Thomas' amended complaint also alleges that Defendants' actions violated the Indiana Constitution. Indiana does not have a provision similar to Section 1983 for a private right of action for constitutional violations and no Indiana court has explicitly recognized a private right of action for damages under the Indiana Constitution. *Smith v. Ind. Dept. of Corr.*, 871 N.E.2d 975, 985 (Ind. Ct. App. 2007); *Schnaus v. Butler*, 2009 WL 1409221, *8-9 (S.D. Ind. May 14, 2009); *see also Fidler*, 428 F. Supp. 2d at 865 (District court declined to find an implied right of action for damages under the Indiana Constitution). The Supreme Court of Indiana has determined that claims must be brought under state tort law, not the Indiana Constitution. "If state tort law is generally available, even if restricted by the ITCA, it is unnecessary to find a state constitutional tort." *Cantrell v. Morris*, 849 N.E.2d 488, 506 (Ind. 2006). Therefore, Thomas' claims must be brought under Section 1983 or as state tort claims, both of which he has

already sufficiently alleged in his amended complaint. Accordingly, Thomas' claims inasmuch as they are brought for violation of the Indiana Constitution are dismissed.

## IV.     CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss [Dkt. 31] is **GRANTED** with respect to Thomas' claims that are being brought under the Indiana Constitution. The Motion to Dismiss is **DENIED** with respect to all other claims.


SO ORDERED.

Date: 03/28/2011

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Amy L. Cueller
THE CUELLER LAW OFFICE
amy@cuellerlaw.com

Andrew R. Duncan
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
ard@rucklaw.com

John F. Kautzman
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
jfk@rucklaw.com

John C. Ruckelshaus
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
jcr@rucklaw.com

Beth Ann Dale
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
bdale@indygov.org

Jennifer Lynn Haley
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
jhaley@indygov.org