UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DENNIS W. THOMAS, )
)
    Plaintiff, )
  vs. ) NO. 1:09-cv-01516-TWP-MJD
)
OFFICER GREGORY P. BRINKER, )
and OFFICER MARK RAND, )
)
    Defendants. )

## ENTRY ON MOTION TO LIMIT TESTIMONY OF PLAINTIFF'S EXPERT

This matter is before the Court on Defendants' Motion to Limit the Testimony of Plaintiff's expert, Dr. Nicolas Villanustre ("Dr. Villanustre"). On November 23, 2009, Plaintiff Dennis W. Thomas ("Thomas") sued numerous parties in Marion Superior Court, alleging excessive force and assault and battery arising out of dog bite injuries. Specifically, a police canine bit Thomas on his left calf *during* or *after*[1] his arrest. Defendants removed the case to this Court under 28 U.S.C. § 1441, and, as it stands, the only remaining Defendants are Officers Gregory P. Brinker and Mark Rand (collectively, "Defendants").

Dr. Villanustre, a board-certified plastic surgeon, was Thomas's treating physician for the dog bite injuries. Dr. Villanustre first treated Thomas on May 6, 2009 (five days after the dog bite occurred), and he continued to treat Thomas until moving to Florida in September 2011. During his case-in-chief, Thomas intends to play portions of Dr. Villanustre's videotaped deposition (Dkt. 118), which was taken on December 8, 2011. Defendants concede that Dr. Villanustre is free to testify "as to what he observed, the treatment he provided for the injury, and

---

[1] The correct preposition hinges on whose version of events is believed. Of course, that issue is within the province of the jury.

1

the knowledge he gained by speaking with Plaintiff and reading medical records, which he ultimately used to treat the injury." (Dkt. 111 at 1). Through the present motion, however, Defendants seek to bar two areas of Dr. Villanustre's proposed testimony.[2] First, Defendants argue that Dr. Villanustre should not be permitted to testify regarding the *cause* of Thomas's injuries. Second, Defendants argue that Dr. Villanustre should not be permitted to compare Thomas's dog bite to other dog bites that he has seen throughout his career as a plastic surgeon. Each contention is addressed in turn.

**A. Causation**

Defendants first argue that although Dr. Villanustre treated Thomas's injuries, the Court should bar him from offering testimony about causation.[3] To bolster this argument, Defendants highlight the following excerpt of Dr. Villanustre's deposition:

> Q. With regards to how this injury occurred, other than what you've been told or you've read, do you have any independent knowledge, just looking at the injury, to say that it's a dog bite?
>
> A. No. It could have been a car, a motorcycle. The same injuries we see from machines and things like that. I'm not an expert on machines, but we see all sort of injuries. The only . . . reason I'm saying this is a K-9 is because the record says it was a police dog.

---

[2] Initially, Defendants sought to bar three areas of Dr. Villanustre's purported testimony, including testimony relating to any of Thomas's *other* injuries (beyond the dog bite to his left calf). In Thomas's response, however, he clarified that Dr. Villanustre *only* testified about Thomas's left calf. Therefore, this issue is now moot.

[3] Although Dr. Villanustre has been designated as an expert, it is worth noting that district courts within the Seventh Circuit have not adopted a uniform approach with respect to whether a treating physician can testify as to causation without an expert report. *Compare Termini v. Board of Lake County Commissioners*, 2010 WL 2674507, at *4 (N.D. Ind. June 29, 2010) (collecting cases; "[C]ourts have not required a treating physician to provide an expert report where the physician's testimony about causation, prognosis, and the extent of disability is based on his or her treatment of a party.") *with Bell v. Columbia St. Mary's Hosp. Milwaukee, Inc.*, 2008 WL 163671, at *3 (E.D. Wis. Jan. 16, 2008) (requiring an expert report where a treating physician's testimony goes beyond the scope of treatment, observation, and diagnosis, and includes opinions on causation, prognosis, or future impact).

Because Dr. Villanustre doesn't know what caused the injuries, Defendants argue, he shouldn't be permitted to testify as to causation.

In the Court's view, this argument misses the mark – both legally and in terms of common sense. Although Defendants devote considerable energy to treating this issue like a garden-variety *Daubert* dispute, from what the Court can gather (and evidenced by the above deposition excerpt), Dr. Villanustre is not planning to formally *opine* on the cause of Thomas's injuries. (And why would he? There is seemingly no dispute that Thomas's injuries were, in fact, caused by a dog bite.) Instead, Dr. Villanustre is simply going to testify regarding the nature and extent of Thomas's injuries and his course of treatment. Naturally, this encompasses Dr. Villanustre's review of the medical records and the fact that Thomas told him that he was bitten by a dog. Under the circumstances, Dr. Villanustre status as an expert makes no difference. *See Termini v. Board of Lake County Commissioners*, 2010 WL 2674507, at *4 (N.D. Ind. June 29, 2010) ("[C]ourts have not required a treating physician to provide an expert report where the physician's testimony about <u>causation</u>, prognosis, and the extent of disability <u>is based on his or her treatment of a party</u>.") (emphases added); *Martin v. CSX Transp., Inc.*, 215 F.R.D. 554, 556 (S.D. Ind. 2003) ("The majority of courts permit physicians to present their opinions formulated during the course of treating a patient"). Further, under Fed. R. Evid. 803(4), a statement "made for – and . . . reasonably pertinent to – medical diagnosis or treatment" is not excluded as hearsay. Thus, any statements that Thomas made to Dr. Villanustre pertinent to his treatment are admissible.

But, more fundamentally, it is worth reemphasizing a practical point: there is seemingly no dispute that Thomas's injuries were caused by a dog bite. Accordingly, why should the Court

bar Thomas's treating surgeon from testifying to what everyone already knows? In short, Dr. Villanustre's testimony that touches on causation is fair game.

In conjunction with their causation argument, Defendants also argue that Dr. Villanustre should not be permitted to offer "opinion, analysis, and conclusion" as to the "amount of force and shredding of muscle caused by the canine." (Dkt. 111 at 4). From what the Court has reviewed, however, Dr. Villanustre offered no such "opinion, analysis, or conclusion." Tellingly, when Dr. Villanustre was asked if he could determine whether Thomas struggled with the dog, he responded, "No, I don't know . . . . I think we're in an area of kind of forensics here. That's not what I do." Finally, Defendants' argument that Dr. Villanustre's causation-related testimony is unduly prejudicial warrants little discussion. Once again, no one disputes that Thomas's injuries were caused by the dog bite. Therefore, it is difficult to imagine how Dr. Villanustre's causation-related testimony could create any meaningful risk of undue prejudice.

### B. Comparing Thomas's injury to other dog bites

Next, Defendants argue that Dr. Villanustre should be barred from offering testimony comparing Thomas's injuries to other dog bite injuries that he has observed and treated. Like many plastic surgeons, Dr. Villanustre has considerable experience treating dog bites. On this point, he testified that he had treated "60 to 70" dog bites before treating Thomas and "nobody . . . knows more [about] . . . dog bites than a plastic surgeon." Without belaboring the point, Dr. Villanustre is well-qualified to testify about his firsthand experience treating dog bites, including where Thomas's injuries rank in terms of severity.

Defendants counter that Dr. Villanustre has not offered a "basis, standard, or method as to how he compares" such injuries. (Dkt. 105 at 7). Plainly stated, testimony comparing the severity of dog bites is not esoteric, hyper-technical, or difficult to understand. *See ATA Airlines,*

*Inc. v. Federal Exp. Corp.*, -- F.3d --, 2011 WL 6762865, at *12 (7th Cir. Dec. 27, 2011) (district judges must always screen the principles underlying expert testimony, no matter how technical). Common sense dictates that Dr. Villanustre's "methodology" is based on his own personal experience and on-the-job training. In the Court's view, this "methodology" is, in *Daubert* phraseology, "reliable." *See* Fed. R. Evid. 702. Perhaps more importantly, under these relatively uncomplicated circumstances, it is worth mentioning that "[t]he inquiry envisaged by Rule 702 is a flexible one, and a strict application of the *Daubert* factors is not always warranted, especially when the expert relies on his experience in the relevant field." *Tober v. Graco Children's Products., Inc.*, 2004 WL 1987239, at *11 (S.D. Ind. July 28, 2004). In the end, the Court is persuaded that Dr. Villanustre is perfectly capable, based upon his own personal knowledge, to testify about the severity of Thomas's injuries as compared to other dog bite injuries he has seen.

Perhaps the more pressing question, however, relates to relevance. Specifically, is Dr. Villanustre's testimony that Thomas's injury is one of the "more egregious dog bites that [he] had seen" or "it's a large injury for a dog bite" pertinent to any issue in this case? This is a closer call, but the Court finds that such testimony will assist the jury in determining the nature and extent of the damage caused by the dog bite. And insofar as this testimony creates prejudice concerns, those concerns are outweighed by the testimony's probative value. Fed. R. Evid. 403.

**C. Conclusion**

Dr. Villanustre is permitted to offer testimony regarding causation and comparing Thomas's injuries to other dog bite injuries that he has seen. For the reasons set forth above, Defendants' Motion to Limit the Testimony of Dr. Villanustre (Dkt. 104) is **DENIED**.

SO ORDERED. 01/09/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution to:

Scott Leroy Barnhart
INDIANA OFFICE OF THE ATTORNEY GENERAL
scott.barnhart@atg.in.gov,troyellen.daniels@atg.in.gov

Amy L. Cueller
THE CUELLER LAW OFFICE
amy@cuellerlaw.com

Beth Ann Dale
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
bdale@indygov.org,bdoyle@indygov.org

Andrew R. Duncan
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
ard@rucklaw.com,hal@rucklaw.com

John F. Kautzman
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
jfk@rucklaw.com,hal@rucklaw.com

Edward J. Merchant
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
ejm@rucklaw.com,edward_merchant@yahoo.com

John C. Ruckelshaus
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
jcr@rucklaw.com

Clifford R. Whitehead
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
clifford.whitehead@indy.gov,mohaver@indy.gov,cliffordwhitehead@gmail.com

Alexander Phillip Will
OFFICE OF CORPORATION COUNSEL
awill@indygov.org,bdoyle@indygov.org,Alex.Will@indy.gov