UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DENNIS W. THOMAS, )
)
    Plaintiff, )
  vs. ) NO. 1:09-cv-01516-TWP-MJD
)
OFFICER GREGORY P. BRINKER, )
and OFFICER MARK RAND, )
)
    Defendants. )

## ENTRY ON MOTIONS IN *LIMINE*

This matter is before the Court on the parties' respective motions in *limine*. The court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id*. at 1400-01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id*. at 1401.

1. **Plaintiff's motions in *limine***

Plaintiff Dennis W. Thomas ("Plaintiff") has filed eight motions in *limine* (Dkt. 123), six of which Defendants Officer Gregory P. Brinker and Officer Mark Rand (collectively, "Defendants") contest (Dkt. 136). The uncontested motions in *limine* – relating to (1) failure to call equally available witnesses (Motion G); and (2) the existence of motions in *limine* (Motion H) – are **GRANTED**. The contested motions in *limine* are addressed in turn.

**A. Information pertaining to Defendants' liability (Motion A)**

Plaintiff's first motion in *limine* seeks to bar Defendants from introducing evidence contesting their liability, given that Defendants inadvertently failed to file an answer in this matter. This motion is intertwined with Defendants' Motion for Leave to File Answer and Affirmative Defense to Plaintiff's First Amended Complaint (Dkt. 125). That motion will not become ripe until noon on Tuesday, January 17, 2012. The Court will address this issue in detail in its entry on that motion, and will therefore abstain, at this time, from ruling on Plaintiff's motion in *limine* pertaining to denial of liability and affirmative defenses. The motion in *limine* pertaining to liability remains under advisement.

**B. Information concerning Plaintiff's criminal history (Motion B)**

Plaintiff's second motion in *limine* seeks to bar evidence relating to any of his prior convictions. At the time of the traffic stop that precipitated this lawsuit, Plaintiff (1) was still on parole for two 1992 Class A Felony "robbery with serious bodily injury" convictions, for which he was sentenced to 30 years executed for each conviction; and (2) had an active warrant out for a theft charge, which ultimately led to a 2009 Class D Felony theft conviction. Importantly, Plaintiff was not released from the Indiana Department of Correction for his 1992 convictions until July 2, 2008. Moreover, as a result of his 2009 conviction, Plaintiff was in violation of his parole for the 1992 convictions, and was therefore ordered to serve the balance of his sentence for those convictions. He is currently serving that time.

Rule 609 of the Federal Rules of Evidence governs this analysis. Specifically, Rule 609(a)(1)(A) allows a party to attack a witness's character for truthfulness by using a prior criminal conviction if that conviction was punishable by death or more than one year in prison, subject to Rule 403's probative/prejudice balancing test. *See* Fed. R. Evid. 609(a)(1)(A) (such

evidence "must be admitted, subject to Rule 403, in a civil case"). Importantly, Rule 403 is heavily tilted in favor of admissibility. *See* Fed. R. Evid. 403 (to exclude evidence, probative value must be "substantially outweighed" by the danger of unfair prejudice). Given that credibility issues bear heavily on this dispute, coupled with the presumption in favor of admissibility, the Court finds that such evidence has probative value that is not "substantially outweighed" by the risk of unfair prejudice.

Finally, contrary to Plaintiff's contentions, Rule 609(b), which provides a limit on using dated convictions, has no applicability to this case. Specifically, Rule 609(b) is not triggered until "more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later." Fed. R. Evid. 609(b) (emphasis added). Here, Plaintiff was not released from confinement for his 1992 convictions until 2008; therefore, Fed. R. Evid. 609(b) does not apply to these convictions. Moreover, it is worth mentioning that, due to his parole violation, Plaintiff is currently serving out his original sentence stemming from the 1992 convictions. The Court's own research suggests that, consequently, the clock has effectively started running anew on those convictions. *See, e.g., United States v. Lapteff*, 160 Fed. Appx. 298, 303 (4th Cir. 2005) (citing *United States v. Gray*, 852 F.2d 136 (4th Cir. 1988) (seventeen-year-old robbery conviction was admissible for impeachment where, as a result of a parole violation, defendant's confinement came within Rule 609(b)'s ten-year period); *United States v. McClintock*, 748 F.2d 1278, 1288-89 (9th Cir. 1984) (probation violation that caused incarceration within ten years was confinement for the original conviction within the meaning of Rule 609(b)); *United States v. Brewer*, 451 F. Supp. 50, 53 (E.D. Tenn. 1978) ("reconfinement" pursuant to parole revocation is confinement for the original conviction)).[1] For these reasons,

---

[1] The Court did not find Seventh Circuit authority addressing this issue; moreover, neither party directed the Court to any such authority.

Fed. R. Evid. 609(b) does not apply to Plaintiff's 1992 convictions. As for his 2009 theft conviction, it is just over two years old. Accordingly, Plaintiff's motion in *limine* concerning his criminal convictions is **DENIED**.

### C. Any information concerning Plaintiff's injury-related actions or inactions (Motion C)

Plaintiff's motion in *limine* C seeks to bar evidence that Plaintiff failed to mitigate the severity of his injuries. To bolster this position, Plaintiff relies heavily on three Indiana Court of Appeals cases. But, importantly, Plaintiff's reliance is misplaced, as all three cases were abrogated by the Indiana Supreme Court's decision in *Willis v. Westerfield*, 839 N.E.2d 1179 (Ind. 2006) – a fact that is conspicuously absent from Plaintiff's briefing.[2] In *Willis*, the Indiana Supreme Court recognized that "a plaintiff in a negligence action has a duty to mitigate his or her post-injury damages, and the amount of damages a plaintiff is entitled to recover is reduced by those damages which reasonable care would have prevented." *Id*. at 1187.[3] Along these lines, "[t]he defendant's burden includes proof of causation, that is, the defendant must prove that the plaintiff's unreasonable post-injury conduct has increased the plaintiff's harm, and if so, by how much." *Id*.

As an initial matter, Plaintiff contends that Defendants' mitigation of damages argument is a moot point, given that Defendants failed to file an answer with affirmative defenses. Indeed,

---

[2] All three cases relied on by Plaintiff were assigned red flags – indicating that they are no longer good for at least one point of law – by the Westlaw staff. *See Wilkinson v. Swafford,* 811 N.E.2d 374 (Ind. Ct. App. 2004); *Mroz v. Harrison,* 815 N.E.2d 551 (Ind. Ct. App. 2004); *Staton v. Hawkins,* 818 N.E.2d 79 (Ind. Ct. App. 2004). In *Willis*, the Indiana Supreme Court cited these three cases and provided a parenthetical summarizing each case. It appears that Plaintiff has lifted the three parentheticals from *Willis* verbatim. *See Willis*, 839 N.E.2d at 1188 n.6. Clearly, it stands to reason that Plaintiff knew about the existence of *Willis* – and the fact that it abrogated these three cases – yet failed to mention it to the Court. Plaintiff's counsel should be put on notice that the Court does not approve of such ostrich-like tactics. *See Gonzalez-Servin v. Ford Motor Co.*, 662 F.3d 931, 934 (7th Cir. 2011) ("The ostrich-like tactic of pretending that potentially dispositive authority against a litigant's contention does not exist is as unprofessional as it is pointless.").

[3] Although this is not a negligence action, this reasoning applies with equal force here.

4

this motion in *limine* is intertwined with Defendants' request for leave to file an answer. And it is true that if the Court denies Defendants' request for leave, the Court will have no choice but to grant the present motion. For the sake of thoroughness, the Court will analyze how it would rule on this motion if it grants Defendants' request for leave.

Specifically, the affirmative defense of mitigation of damages requires Defendants to meet two elements by a preponderance of the evidence. "First, the defendant must prove that the plaintiff failed to exercise reasonable care to mitigate his or her post-injury damages." *Id*. at 1188. "Second, the defendant must prove that the plaintiff's failure to exercise reasonable care caused the plaintiff to suffer an identifiable item of harm not attributable to the defendant's negligent conduct." *Id*. From there, the *Willis* court concluded that courts should determine whether to tender a mitigation of damages jury instruction based on a plaintiff's failure to follow medical treatment advice on a case-by-case basis. *Id*. at 1189.

Defendants have submitted some evidence to support a mitigation of damages defense. First, Defendants represent that they have records from the Indiana Department of Correction that Plaintiff has not complied with Dr. Villanustre's (his plastic surgeon) order to continue physical therapy.[4] On this point, Dr. Villanustre testified that if Plaintiff did not complete physical therapy, it would prolong his "disability" or his "limitations." Second, Plaintiff is a smoker. At his deposition, Dr. Villanustre testified that smoking cigarettes can impede a patient's ability to heal. In fact, at one point, Dr. Villanustre testified that if Plaintiff had been a "patient that comes to me from the outside," he would not have done the surgery unless that patient stopped smoking. Assuming that Defendants are permitted to file an answer in this matter, this evidence is fair game at trial. Whether it warrants a jury instruction, however, is a different question that the Court cannot answer until evidence is adduced at trial.

---

[4] Defendants did not attach these medical records to their response brief.

Given this motion in *limine's* relationship to other unresolved issues in this case, the Court cannot definitively rule on it at this time. That said, if the Court denies Defendants' request for leave to file an answer, it will grant this motion in *limine*. If, however, the Court grants Defendants' request for leave, it will deny this motion. Therefore, the Court takes a ruling on this motion under advisement. The Court will issue a definitive ruling on this motion in *limine* in the entry on Defendants' Motion for Leave to File Answer and Affirmative Defense to Plaintiff's First Amended Complaint (Dkt. 125), which will be issued once the motion ripens.

### D. Information pertaining to Plaintiff's current incarceration (Motion D)

Plaintiff's motion in *limine* D seeks to bar the fact that Plaintiff is currently incarcerated. Indeed, the Court agrees about the lack of relevancy of this evidence. Moreover, although Defendants reserved the right to contest this motion in *limine*, they did not flesh out an argument in support of their position. Therefore, the motion in *limine* is **GRANTED**. If Defendants believe such evidence becomes relevant or otherwise admissible during the course of the trial, counsel must approach and request a hearing outside the presence of the jury.

### E. Information pertaining to Plaintiff's misconduct while incarcerated (Motion E)

Plaintiff's motion in *limine* E seeks to bar evidence pertaining to his misconduct – including reprimands, negative conduct history, disciplinary proceedings, etc. – during his period of incarceration. Once again, Defendants reserved the right to contest this motion in *limine*, but failed to flesh out an argument in support of their position. And, once again, the Court agrees that this evidence does not appear to be relevant. The motion in *limine* is **GRANTED**. If the Defendants believe such evidence becomes relevant or otherwise admissible during the course of the trial, counsel may approach and request a hearing outside the presence of the jury.

### F. Information pertaining to Plaintiff's alleged resistance, over and above his act of fleeing (Motion F)

Plaintiff's motion in *limine* F seeks to bar any evidence that Plaintiff resisted arrest on the day of the incident, over and above his act of fleeing. This issue is inextricably tied to liability, meaning it is also inextricably tied to Defendants' request for leave to file an answer. Therefore, the Court cannot address this motion at this time. As for Plaintiff's secondary argument that this evidence is inappropriate because the State of Indiana dismissed his resisting arrest charge as part of a plea agreement, the Court is not persuaded. Most criminal prosecutions are settled without a trial, and prosecutors routinely offer inducements for defendants to plead guilty. *See United States v. Keeter*, 130 F.3d 297, 300 (7th Cir. 1997) ("Prosecutors may offer strong inducements . . . to elicit . . . guilty pleas."). The fact that a resisting arrest charge was dropped as part of a plea agreement is hardly conclusive evidence that Plaintiff did not resist.

In sum, if the Court denies Defendants' request for leave, then the facts in Plaintiff's complaint are deemed admitted, this evidence is rendered irrelevant, and the Court will grant this motion. If, however, the Court grants Defendants' request for leave, then this information becomes central to this dispute, and the Court will deny this motion. This matter will be addressed in the Court's entry on Defendants' Motion for Leave to File Answer and Affirmative Defense to Plaintiff's First Amended Complaint (Dkt. 125), which will be issued once the motion ripens.

### 2. Defendants' motions in *limine*

Defendants filed twelve motions in *limine*. Not surprisingly, many of the issues raised in these motions are tied to Plaintiff's argument that because Defendants inadvertently failed to file an answer, liability has been conceded. Accordingly, Plaintiffs argue that Defendants' motions in *limine* 1, 2, 3, 4, 5, 6, 8, and 11 must be denied as moot. To reiterate, it

would be premature for the Court to address this issue. Therefore, in the interest of making headway should the Court grant Defendants' request for leave, the Court will only address Plaintiff's *specific* objections to Defendants' motions in *limine*.

Plaintiff lodged specific objections to four of Defendants' motions: Nos. 1, 3, 8, and 11. Therefore, if the Court grants Defendants' request for leave, the Court will grant Defendants' remaining motions in *limine*: Nos. 2 (inadmissible hearsay of employees at Wishard Hospital or the Indiana Department of Correction); 4 (404(b) evidence offered against the individual defendants); 5 (specific incidents of conduct of individual defendants); 6 (lawsuits involving the City of Indianapolis, IMPD, or other similar entities); 7 (settlement negotiations); 9 (evidence supporting Plaintiff's character); 10 (whether City of Indianapolis will pay for judgments against individual Defendants); and 12 (substantive evidence not previously disclosed or discovered). Each individually contested motion in *limine* is now addressed in turn.

### A. Any reference to the subjective intent of Defendants (Motion 1)

Defendants' motion in *limine* 1 seeks to bar evidence of Defendants' subjective intent, based on the argument that Fourth Amendment excessive force cases apply an objective reasonableness standard. *See Graham v. Connor*, 490 U.S. 386 (1989). On this point, the Supreme Court has stated that "whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them" should be made "without regard to their underlying intent or motivations" *Id*. at 397. In other words, "an officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional." *Id*. Simply stated, subjective intent is irrelevant under a Fourth Amendment excessive force analysis.

If only it were that simple. Plaintiff counters that Defendants' subjective intent, while not relevant to liability, is relevant to his claim for punitive damages, which turns on whether Defendants' conduct was malicious and in reckless disregard of Plaintiffs' rights. *Smith v. Wade*, 461 U.S. 30, 56 (1983) ("We hold that a jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."). Conduct designed solely to injure a plaintiff would fit this bill, making intent inescapably relevant. *See, e.g., Akbar v. City of Chicago*, 2009 WL 3335364, at *1 (N.D. Ill. Oct. 14, 2009) (although defendant's subjective intent is irrelevant to liability, a plaintiff's claim for punitive damages puts a § 1983 defendant's intent at issue) (citing *Evans v. Thomas*, 31 F. Supp. 2d 1069, 1074 n.8 (N.D. Ill. 1999)). Therefore, subjective intent is relevant to Plaintiff's punitive damages claim.

Under these circumstances, multiple district courts within the Seventh Circuit have bifurcated trials into a liability phase and a damages phase in order to eliminate the risk of juror prejudice, confusion, and distraction. *See Rushing v. DeBose*, 2011 WL 4585242, at *4-5 (N.D. Ill. Sept. 30, 2011) (presenting case as follows: liability and compensatory damages first; and, if plaintiff prevails, then allowing evidence of subjective intent and submitting punitive damages issues to the jury) (citing *Huddleston v. Pohlman*, 2007 WL 647335 (C.D. Ill. Feb, 27, 2007)). The Court considers bifurcation a relatively drastic remedy; moreover, neither party has requested a bifurcated trial. Instead of bifurcation, the Court believes that a clarifying jury instruction will adequately obviate the risk of juror prejudice and confusion. Accordingly, Defendants' motion in *limine* 1 is **DENIED**.

### B. Dr. Villanustre's testimony relating to causation and comparison (Motion 3)

Defendants' motion in *limine* 3 seeks to bar Dr. Villanustre from offering testimony about the cause of Plaintiff's injuries and comparing Plaintiff's injuries to other dog bite injuries he has treated. The Court has already traveled this terrain, (Dkt. 126), and Defendants have not given the Court a reason to revisit its prior ruling. Therefore, Defendants' motion in *limine* 3 is **DENIED**.

### C. A message to "punish" or "send a message to" the Defendants (Motion 8)

Defendants' motion in *limine* 8 seeks to bar Plaintiff from arguing that the jury should punish or send a message to Defendants. This argument is not well-suited for a motion in *limine*, given that Plaintiff has a punitive damages claim. Therefore, Defendants' motion in *limine* 8 is **DENIED**.

### D. Medical or expert opinions by lay witnesses (Motion 11)

Defendants' motion in *limine* 11 seeks to bar lay testimony about which acts caused Plaintiff's injuries or whether Defendants' acts constituted excessive force. The scope and substance of this motion is somewhat unclear. Obviously, Plaintiff will be permitted to testify about what he perceived and experienced firsthand, and the same goes for any medics at the scene of the incident. Therefore, Defendants' motion in *limine* 11 is **DENIED**.

### 3. Conclusion

Given the unique posture of this case, where many of the motions in *limine* are contingent on the disposition of an unripe motion, the Court was unable to offer definitive rulings on many of the parties' motions. Therefore, the Court's entry on Defendants' Motion for Leave to File Answer and Affirmative Defense to Plaintiff's First Amended Complaint (Dkt. 125) will more thoroughly set out which motions in *limine* are granted and which are denied.

SO ORDERED. 01/13/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Copies to:

Scott Leroy Barnhart
INDIANA OFFICE OF THE ATTORNEY GENERAL
scott.barnhart@atg.in.gov,troyellen.daniels@atg.in.gov

Amy L. Cueller
THE CUELLER LAW OFFICE
amy@cuellerlaw.com

Beth Ann Dale
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
bdale@indygov.org,bdoyle@indygov.org

Andrew R. Duncan
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
ard@rucklaw.com,hal@rucklaw.com

John F. Kautzman
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
jfk@rucklaw.com,hal@rucklaw.com

Edward J. Merchant
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
ejm@rucklaw.com,edward_merchant@yahoo.com

John C. Ruckelshaus
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
jcr@rucklaw.com

Clifford R. Whitehead
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
clifford.whitehead@indy.gov,mohaver@indy.gov,cliffordwhitehead@gmail.com

Alexander Phillip Will
OFFICE OF CORPORATION COUNSEL
awill@indygov.org,bdoyle@indygov.org,Alex.Will@indy.gov