UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DENNIS W. THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) NO. 1:09-cv-01516-TWP-MJD |
| | ) |
| OFFICER GREGORY P. BRINKER and | ) |
| OFFICER MARK RAND, | ) |
| | ) |
| Defendants. | ) |

ENTRY AND ORDER FOR
FINAL PRETRIAL CONFERENCE HELD JANUARY 18, 2012

This matter is before the Court for a final pretrial conference on January 18, 2012. Plaintiff appears by counsel Amy L. Cueller.  Defendants appear by counsel Andrew R. Duncan, Beth Ann Dale, Clifford R. Whitehead, and John F. Kautzman.  The Court Reporter is Fred Pratt. This four-day jury trial is scheduled to commence on **February 6, 2012 at 9:30 a.m.**  The doors to the courtroom will be unlocked at 8:00 a.m., the jury panel will arrive by 8:45 a.m., and the lawyers are to arrive no later than 9:00 a.m.  At the final pretrial conference, the trial of this case was discussed and the following rulings were made and directions given pursuant to Fed. R. Civ. P. 16.

    1.  The Court intends to seat a jury of seven requiring a unanimous verdict for this four-day trial. A panel of 20 prospective jurors will be called. The Courtroom Deputy Clerk will email the responses to juror questionnaires to the parties by noon on Friday, February 3rd. The Court will question the panel with its own voir dire and incorporate questions from counsel.[1] Then, counsel for Plaintiff and Defendant will have up to 15 minutes per side for follow-up questions to the panel. Challenges for cause will be made at the bench. After challenges for cause are

---

[1] All voir dire objections (Dkt. 127 and Dkt. 134) were resolved without ruling at the final pretrial conference.

resolved, each side will have three peremptory challenges, which shall be exercised simultaneously and in writing on a form to be supplied by the Court. The Court intends to allow jurors to submit written questions to witnesses, following the procedures endorsed by the Seventh Circuit Bar Association's jury project.

2. Each side will have up to 20 minutes for opening statements. Counsel shall advise the opposing party of any demonstrative or other exhibits they intend to use during opening statements so that any objections may be resolved before commencement of trial. The time allotted for closing arguments will depend on the nature and amount of evidence adduced at trial.

3. The Court reviewed each party's witness list. Plaintiff's counsel withdrew her general objections (Dkt. 129) to Defendants' witnesses in light of the Court's recent ruling on Defendants' request for motion for leave to file an answer and affirmative defenses (Dkt. 151). Plaintiff then lodged an oral objection to Defendants' use of Officer Jeffrey Patterson – the officer who trained Officers Brinker and Rand – as a witness, arguing that his testimony would be cumulative to that of Sgt. Barlow, and therefore irrelevant. The Court took Plaintiff's objection under advisement. After reviewing the issue, the Court finds that Officer Patterson's testimony is relevant, and Plaintiff's objection is overruled. That said, to the extent possible, Defendants should avoid presenting cumulative testimony.

4. Because there is some overlap between the parties' expected witnesses, the Court requests that the parties, when appropriate, conduct a comprehensive examination of the witness to avoid calling the witness twice. This request does not apply to the individual party witnesses.

5. The Court reviewed each party's exhibit list and addressed related objections.[2] As an

---

[2] Notably, Defendants removed their first exhibit, Exhibit 201, thus causing the number of each exhibit to drop by 1. The exhibits described below reflect the new exhibit numbers.

initial matter, the Court overruled Plaintiff's general objection that Defendants' Exhibits 202-232 and 235-241 were irrelevant given that Defendants have conceded liability. The Court then addressed Plaintiff's specific objections (Dkt. 130) as follows:

    a. <u>Defendants' Exhibit 201 (IMPD case report addressing Plaintiff's arrest by Officers Rand and Torres)</u>: Defendants withdrew this exhibit.

    b. <u>Defendants' Exhibit 202 (arrest report addressing Plaintiff's arrest on the open warrant for felony theft)</u>: Plaintiff's objection is overruled for the reasons stated in the Court's entry on the parties' motions in *limine* (Dkt. 148 at 2-4). This exhibit is the only extrinsic evidence that the Court will allow to substantiate Plaintiff's theft conviction. *See* Fed. R. Evid. 609(a); Fed. R. Evid. 608(b); *Cf. United States v. Burge*, 2011 WL 13471, at *5 (N.D. Ill. Jan. 3, 2011) ("608(b) does not allow specific instances of conduct of a witness, <u>other than a conviction as provided in Rule 609</u>, to be proved by extrinsic evidence for the purpose of attacking the witness's character for truthfulness.") (emphasis added). As for Plaintiff's 1992 robbery conviction, the Court will permit Defendants to introduce one (and only one) piece of extrinsic evidence substantiating that conviction.

    c. <u>Defendants' Exhibits 203 (IMPD police service dog apprehension report)</u>: Plaintiff's objection is overruled.

    d. <u>Defendants' Exhibit 204 (IMPD supervisory special report)</u>: Upon closer examination, the Plaintiff's objection is sustained**.** The document as tendered contains hearsay within hearsay, and is cumulative not only of the anticipated testimony of listed witnesses, but cumulative of other reports that this court is allowing into evidence. More problematic is the fact the document is signed by 3 high ranking police officials who are not listed as witnesses, which does appear, as Plaintiff argued, to be "a backdoor attempt to bolster the conclusions" of Defendants' expert witnesses.

    e. <u>Defendants' Exhibit 205 (K9 deployment record)</u>: The Court took Plaintiff's objection under advisement. Having reviewed the exhibit, the Court has resolved that the exhibit is relevant and therefore overrules Plaintiff's objection.

    f. <u>Defendants' Exhibit 206 (certified copy of CAD)</u>: The Court took Plaintiff's objection under advisement. Having reviewed the exhibit, the Court has resolved that Plaintiff's objection is sustained. The Court finds that the probative value of this exhibit is outweighed by the undue prejudice of statement concerning Plaintiffs cell block location and references to his status at the Indiana Department of Correction. Additionally, Exhibit 206 is cumulative of evidence contained in Exhibit 207.

3

g. <u>Defendants' Exhibit 207 (Certified copy of Marion County Sheriff's audio)</u>: The Court took Plaintiff's objection under advisement. Having reviewed the exhibit, the Court has resolved that Plaintiff's objection is overruled. The Court finds the audio record is relevant and will assist the jury in determining whether the Defendants use of force was "objectively reasonable" in light of the facts and totality of circumstances.

h. <u>Defendants' Exhibits 208-219 (photos of inside and outside house where Plaintiff was arrested)</u>: Plaintiff's objections are overruled.

i. <u>Defendants' Exhibits 220-221 (aerial photos and/or map of where incident occurred)</u>: Plaintiff's objection to exhibit 220 is overruled, and Defendants may use this as a demonstrative exhibit. Plaintiff's objection to exhibit 221 is sustained, as this picture would not assist the jury.

j. <u>Defendants' Exhibit 222 (probable cause affidavit)</u>: Plaintiff objects to this exhibit on hearsay and relevance grounds. Defendants respond by arguing that the exhibit is relevant and generally admissible as a business record. *See, e.g., Truesdale v. Klich*, 2006 WL 1460043, at *3 (N.D. Ill. May 23, 2006) ("In civil cases, police reports may be admissible as a public record or business record [i.e. 803(6) or 803(8)]."). More to the point, Defendants represent that they will only introduce this exhibit to rebut any charges that they fabricated certain details of Plaintiff's arrest. *See* Fed. R. Evid. 801(d)(1)(B); *United States v. Anderson*, 450 F.3d 294, 302 (7th Cir. 2006) (recognizing that prior consistent statements of a testifying witness are admissible and not hearsay when offered to rebut a charge of recent fabrication). In this context, Plaintiff's objection is overruled.

k. <u>Defendants' Exhibits 223-224 (certified copies of court records)</u>: Plaintiff's objections to Exhibit 223 are sustained. The Court took Exhibit 224 under advisement. Having reviewed Exhibit 224, the Court has resolved to sustain Plaintiff's related objections. F.R.E. 608(b) allows extrinsic evidence that is probative concerning specific instances of untruthful conduct however, extrinsic evidence concerning consequences suffered because of dishonest conduct is not admissible.

l. <u>Defendants' Exhibit 226 (IMPD use of force continuum)</u>: Plaintiff's objection is overruled, as Defendants may use this as a demonstrative exhibit.

m. <u>Defendants' Exhibit 229 (Plaintiff's booking photo)</u>: Plaintiff's objection is sustained.

n. <u>Defendants' Exhibit 230 (Plaintiff's criminal history)</u>: Given the highly prejudicial nature of the entirety of Plaintiff's criminal history, Plaintiff's objection is sustained.

4

    o. <u>Defendants' Exhibits 232-233 (certified copies of Plaintiff's medical and mental health records)</u>: Defendants represent that they will only use these exhibits for impeachment purposes. The Court will, if necessary, address objections stemming from these exhibits if they are offered at trial.

    p. <u>Defendants' Exhibit 234 (demonstrative video of house where Plaintiff was arrested)</u>: The Court took Plaintiff's objection under advisement. Having reviewed the video, the Court finds that it is relevant and not unduly cumulative with other evidence. Therefore, Plaintiff's objection is overruled. However, the Court does not make this ruling in a vacuum. Because this evidence will be admitted, the Court finds that a jury view is unnecessary. This latter ruling is fleshed out below.

    q. <u>Defendants' Exhibit 235 (certified copies of any and all records from Department of Correction)</u>: Defendants represent that they will only use these exhibits for impeachment purposes. The Court will, if necessary, address objections stemming from these exhibits if they are offered at trial.

6. The parties must provide the Court with 4 copies of the exhibit notebooks (a copy for the Court, the bailiff, the witness stand, and the jury) by Friday, February 3, 2012.

7. The parties' respective motions in *limine* have been resolved by the Court. (Dkt. 148 and Dkt. 151). Plaintiff orally asked the Court to reconsider its ruling on Plaintiff's motion in *limine* B, while Defendants orally asked the Court to reconsider its ruling on Defendants' motion in *limine* 3. The Court denied both requests.

8. The Court has granted the parties mutual motions for separation of witnesses (Dkt. 145). The Court will rely on the parties to police this ruling. Room 345 will be available as a witness room. Moreover, the Court informed the parties that their witnesses will be sharing the witness room with witnesses testifying at Judge Stinson's trial, which is scheduled for the same week.

9. The parties are to notify the Court if they believe that another settlement conference would be productive.

10. The parties have been ordered to collaborate and create a mutually agreeable issue

instruction. They are to notify the Court by noon on Thursday, January 19th whether they have reached an agreement (Dkt. 151 at 12). If they are unable to reach an agreement, the Court will devise its own issue instruction. Fortunately, the parties represented that they should be able to agree on an issue instruction.

11. The Court will email the parties proposed preliminary instructions by Monday, January 30, 2012. The parties have until Wednesday, February 1, 2012 to file objections.

12. The Court requested the parties attempt to agree on stipulations and to file them with the Court. The Court emphasizes its view that stipulations summarizing Plaintiff's medical bills would assist the jury.

13. The parties are scheduled to attend VEPS training with the Courtroom Deputy Clerk on Wednesday, February 1, 2012, at 3 p.m. in Courtroom 344.

14. Plaintiff intends to use Dr. Villanustre's deposition at trial (Dkt. 118). As an initial matter, Defendants make an objection to Plaintiff's deposition designations based on the doctrine of completeness. *See* Fed. R. Civ. P. 32(a)(6). As Plaintiff's counsel conceded, this objection is valid. But to avoid objections at trial, Defendants are required to complete counter-designations and to file such designations with the Court by Friday, January 27th. Plaintiff has until Thursday, February 2nd to file any objections. As for Defendants' specific objections to the designations – pertaining to leading questions, hearsay, and causation testimony – they are all overruled.

15. The Court took Defendants' request for a jury view under advisement. Not only does the Court have logistical concerns with this request, it also has safety concerns, given the dilapidated state of the house. The Court appreciates Defendants' assertion that this situation was "tailor-made" for a jury view. Nonetheless, having considered the issue, the Court finds that

the officers' testimony, the pictures of the home, and the videotape of the home will paint an adequate picture for the jury. Therefore, Defendants' motion for a jury view (Dkt. 146) is denied.

16. In light of the Court's ruling on Defendants' request for leave to file an answer, Plaintiff asked to revisit the issue of jury instructions. Plaintiff has until Friday, January 20, 2012 to serve Defendants with its new supplemental instructions, modifications, and withdrawals. From there, Defendants will file a comprehensive set of joint final instructions – supplanting the previously-filed set – by Tuesday, January 24, 2012.

17. The Court reminded the parties that it will adhere to the normal "one lawyer per witness" rule, with a caveat: the Court will permit Mr. Kautzman *or* Mr. Duncan to explore the issue of punitive damages separately during direct examination of the Defendants.

18. The parties will file a joint exhibit list with the Court by Tuesday, January 24, 2012.

SO ORDERED.

Date: 01/18/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution attached.

Distribution to:

Amy L. Cueller
THE CUELLER LAW OFFICE
amy@cuellerlaw.com

Beth Ann Dale
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
bdale@indygov.org

Andrew R. Duncan
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
ard@rucklaw.com

John F. Kautzman
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
jfk@rucklaw.com

Edward J. Merchant
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
ejm@rucklaw.com

John C. Ruckelshaus
RUCKELSHAUS  KAUTZMAN BLACKWELL BEMIS & HASBROOK
jcr@rucklaw.com

Clifford R. Whitehead
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
clifford.whitehead@indy.gov

Alexander Phillip Will
OFFICE OF CORPORATION COUNSEL
awill@indygov.org