UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DENNIS W. THOMAS, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>OFFICER GREGORY P. BRINKER and )<br>OFFICER MARK RAND, )<br>)<br>Defendants. ) | NO. 1:09-cv-01516-TWP-MJD |

## ENTRY ON SUPPLEMENTAL MOTION IN *LIMINE*

This matter comes before the Court on Defendants' supplemental motion in *limine* (Dkt. 172). Defendants seek to exclude evidence regarding why the Marion County Prosecutor's Office agreed to dismiss Plaintiff's second count of Resisting Law Enforcement by Force against Officer Rand, other than that it was a term of his plea agreement. To bolster this argument, Defendants attach an affidavit from the lead Deputy Prosecutor on Plaintiff's criminal case, who represents that "[i]n exchange for the two guilty pleas, the State of Indiana agreed to dismiss the Resisting Law Enforcement by Force charge." The Deputy Prosecutor also represents that "[t]he fact the resisting by force charge was dismissed is not tantamount to an admission by the State that [Plaintiff] did not resist" and "does not mean the State lacked sufficient evidence to prove the charge." Indeed, from personal experience, this Court knows and it is well-settled that "[p]rosecutors may offer strong inducements . . . to elicit . . . guilty pleas." *United States v. Keeter*, 130 F.3d 297, 300 (7th Cir. 1997)

Plaintiff responds to Defendants' supplemental motion with two arguments. First, Plaintiff argues that the motion is belated and fails to comply with the timeline set out in the Case Management Plan. (*See* Dkt. 45 at 5-6) (motions in *limine* should be filed two weeks before

1

the final pretrial conference). This point is well-taken, but the Court is also cognizant that, in the weeks prior to trial, a degree of flexibility is warranted. Technically, a motion in *limine* can be requested at virtually any time, even at the trial itself.

More substantively, Plaintiff argues that "[i]f the defendants believe that [Plaintiff] testifies inconsistent[ly] with the evidence that has been disclosed and admitted in this case, then they can make whatever objections they believe are appropriate." (Dkt. 174 at 3). The Court agrees. Neither the Court nor the parties know how Plaintiff will testify when on the witness stand. If he testifies in a manner that is inconsistent with the evidence, Defendants will be given ample latitude to impeach him, up to and including calling the Deputy Prosecutor to testify why exactly the second count for resisting law enforcement was dropped. (*See* Dkt. 175) ("if the Court permits Plaintiff to testify as to why his second count of Resisting Law Enforcement was dismissed, then Defendants will call [the] Deputy Prosecutor [] as an impeachment witness"). The parties are on notice that this issue may arise during trial, and that Defendants may request leave to add an additional witness for impeachment of Plaintiff on this narrow issue. Overall, the Court finds that this issue is best addressed during the course of trial itself. Defendants' supplemental motion in *limine* (Dkt. 172) is therefore **DENIED**.

SO ORDERED. 02/01/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution to:

Amy L. Cueller
THE CUELLER LAW OFFICE
amy@cuellerlaw.com

Beth Ann Dale
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
bdale@indygov.org

Andrew R. Duncan
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
ard@rucklaw.com

John F. Kautzman
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
jfk@rucklaw.com

Edward J. Merchant
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
ejm@rucklaw.com

John C. Ruckelshaus
RUCKELSHAUS  KAUTZMAN BLACKWELL BEMIS & HASBROOK
jcr@rucklaw.com

Clifford R. Whitehead
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
clifford.whitehead@indy.gov

Alexander Phillip Will
OFFICE OF CORPORATION COUNSEL
awill@indygov.org