UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DENNIS W. THOMAS,         )
         )
      Plaintiff,       )
    vs.          )    NO. 1:09-cv-01516-TWP-MJD
         )
OFFICER GREGORY P. BRINKER and  )
OFFICER MARK RAND,      )
         )
      Defendants.     )

## ENTRY ON DEFENDANTS' MOTION TO USE SPECIFIC EVIDENCE

This matter comes before the Court on Defendants' Motion to Use Specific Evidence

Relating to Plaintiff's Theft Warrant, Theft Conviction, and Robbery Convictions. (Dkt. 177).

This motion pertains to three different exhibits: (1) Exhibit 202 (case report detailing Plaintiff's

open felony theft warrant); (2) Exhibit 235 (September 23, 2009 Order of Judgment of

Conviction, relating to Plaintiff's Class D Felony Theft); and (3) Exhibit 236 (Justice

Information System of Indianapolis/Marion County, relating to Plaintiff's Class A Robbery

Convictions, disposition date of February 18, 1992).

First, Plaintiff does not object to Exhibit 236 (although this is not tantamount to a waiver

of his overall objection to the admission of any evidence pertaining to criminal history). Second,

in a previous entry, the Court overruled Plaintiff's objection to Exhibit 202. In doing so,

the Court stated that "[t]his exhibit is the only extrinsic evidence that the Court will allow to

substantiate Plaintiff's theft conviction." (Dkt. 153 at 3). However, as Defendants note, Exhibit

202 "does not prove the theft conviction." (Dkt. 177 at 2). Instead, it only proves the existence of

the related theft *warrant*. Indeed, giving the jury Exhibit 202 to prove Plaintiff's conviction

would likely create confusion. Therefore, Exhibit 235 – which actually proves Plaintiff's theft

*conviction* – will replace Exhibit 202 as the extrinsic evidence substantiating Plaintiff's theft conviction. *See* Fed. R. Evid. 609.

Third, the only remaining question is whether Exhibit 202 is independently admissible. Defendants argue that it's admissible under Fed. R. Evid. 404(b)(2) to prove Plaintiff's "motive, opportunity, [or] intent" of a "wrong [] or other act." Specifically, Defendants argue that Exhibit 202 shows Plaintiff's motive and intent for Resisting Law Enforcement by Flight, a Charge to which he pled guilty. In other words, Plaintiff fled because he knew about the existence of his open felony theft warrant. The Court agrees with this reasoning.

Accordingly, Defendants' Motion (Dkt. 177) is **GRANTED**, and the Amended Joint Final Exhibit List (Dkt. 177-4) will reflect the following:

1. Defendants may offer Exhibit 202 to prove the existence of the felony warrant;

2. Defendants may offer Exhibit 235 to prove that Plaintiff was convicted on the Class D Felony Theft charge; and

3. Defendants may offer Exhibit 236 to prove that Plaintiff was convicted on Class A Robbery charges.

Plaintiff, of course, may renew her objections at the time these exhibits are offered, so to preserve the record in the event of an appeal.

SO ORDERED.    02/02/2012

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution to:

Amy L. Cueller
THE CUELLER LAW OFFICE
amy@cuellerlaw.com

Beth Ann Dale
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
bdale@indygov.org

Andrew R. Duncan
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
ard@rucklaw.com

John F. Kautzman
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
jfk@rucklaw.com

Edward J. Merchant
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
ejm@rucklaw.com

John C. Ruckelshaus
RUCKELSHAUS  KAUTZMAN BLACKWELL BEMIS & HASBROOK
jcr@rucklaw.com

Clifford R. Whitehead
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
clifford.whitehead@indy.gov

Alexander Phillip Will
OFFICE OF CORPORATION COUNSEL
awill@indygov.org